# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:20-CV-00200-HBB

**TRUDY W.**[1]                                                                                             **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**[2]                         **DEFENDANT**

# MEMORANDUM OPINION
# AND ORDER

## BACKGROUND

Before the Court is the complaint of Trudy W. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) (DN 1). Both the Plaintiff (DN 19) and Defendant (DN 25) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14). By Order entered July 14, 2021, the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted (DN 15). No such request was filed.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit.

FINDINGS OF FACT

On August 8, 2017, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 16, 197-98, 200-06, 207-14). Plaintiff alleged that she became disabled on August 14, 2017, as a result of pacemaker, diabetes, problems with legs, leaky veins, high blood pressure, and high cholesterol (Tr. 16, 67-68, 78-79, 92, 103, 237). The applications were denied initially on January 24, 2018, and upon reconsideration on May 16, 2018 (Tr. 16, 65, 66, 89, 90). On July 19, 2018, Plaintiff filed a written request for a hearing by an administrative law judge (Tr. 16, 134-36).

On May 7, 2019, Administrative Law Judge Jennifer Thomas conducted a video hearing from the Office of Hearings Operations in Nashville, Tennessee (Tr. 16, 60). Plaintiff, who was unrepresented, participated by video from the field office in Owensboro, Kentucky (Id.). After being advised of her right to representation, Plaintiff requested and received a one-time continuance to have additional time to obtain representation (Tr. 60-64).

On November 5, 2019, Administrative Law Judge Lisa Hall ("ALJ") conducted a video hearing from Paducah, Kentucky (Tr. 16, 33). Plaintiff and her counsel, Sara J. Martin Diaz, participated from Owensboro, Kentucky (Id.). Robert L. Bond, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated January 24, 2020, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 16-25). The ALJ noted that Plaintiff insured status will expire on December 31, 2022 (Tr. 18). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 14, 2017, the alleged onset date (Tr. 19).

At the second step, the ALJ determined that Plaintiff has the following severe impairments: history of sick sinus syndrome, seizures, and diabetes mellitus (Id.). The ALJ also determined that Plaintiff's lack of follow-up or compliance with CPAP treatment suggests that her obstructive sleep apnea is a "non-severe" impairment (Id.). At the third step, the ALJ concluded that since August 14, 2017, Plaintiff has not had an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At step four, the ALJ found since August 14, 2017, Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she should never climb ladders; she should avoid concentrated exposure to temperature extremes and vibration; and she should avoid all exposure to hazards such as unprotected heights or moving/dangerous machinery (Id.). Additionally, the ALJ found since August 14, 2017, Plaintiff has been unable to perform any past relevant work (Tr. 23).

The ALJ proceeded to the fifth step where she considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 23-24). The ALJ found that prior to December 17, 2019, while Plaintiff was still classified as an individual closely approaching advanced age, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed (Id.). However, beginning December 17, 2019, Plaintiff's age category changed to an individual of advanced age, and there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform (Tr. 24). Therefore, the ALJ concluded that Plaintiff became disabled on December 17, 2019, and has continued to be disabled through the date of the decision (Id.).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 193-96). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 *et seq.* (Title II Disability Insurance Benefits), 1381 *et seq.* (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5

      5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, for the period August 14, 2017, through December 16, 2019, the ALJ denied Plaintiff's applications at the fifth step. Beginning December 17, 2019, the ALJ granted Plaintiff's applications at the fifth step.

<u>Finding No. 5</u>

1. Arguments of the Parties

Plaintiff contends that substantial evidence does not support the ALJ's finding that she had the RFC to perform light work on a full-time basis which would require her to stand and/or walk six hours out of an eight-hour workday (DN 19-1 PageID # 1242-45). Plaintiff asserts that the ALJ failed to consider the impact of her chronic symptoms—syncope, extreme fatigue, significant dyspnea on exertion, shortness of breath, dizzy spells/vertigo, right-sided weakness, and seizures—which are aggravated by exertion, including prolonged standing and walking (<u>Id.</u>) (citing Tr. 47, 49, 306-10, 395, 490, 508, 531, 819, 1070). Additionally, Plaintiff indicates she would need to take unscheduled and unpredictable breaks as well as miss work four or five times a month (<u>Id.</u>) (citing Tr. 47).[3] Plaintiff contends the ALJ should have found that she has the RFC to perform less than sedentary work (<u>Id.</u>). Relatedly, Plaintiff argues that the ALJ failed comply with her duty to consider the combined effects of Plaintiff's multiple impairments in making the RFC finding (<u>Id.</u> at PageID # 1245). Plaintiff asserts that if the ALJ considered the combined effects of her multiple impairments the ALJ would have found Plaintiff disabled (<u>Id.</u>).

---

3 Plaintiff points out that the vocational expert testified there would be no jobs in the local or national economy that would accommodate an employee with such limitations (Tr. 54-55).

Defendant argues that the ALJ made no error in determining Plaintiff has the RFC to perform light work because it is based on substantial evidence in the record, including Plaintiff's own testimony (Tr. 20, 40-42, 39, 44-51), the objective medical evidence (Tr. 20, 306, 308-09, 395-99, 508, 528, 531-32, 578, 608, 613, 616, 628, 904, 1148), and the prior administrative medical findings of the state agency physicians Drs. P. Saranga and Jack Reed (Tr. 22) (DN 25 PageID # 1267-73).  Further, Plaintiff has not cited any medical opinion in the record substantiating her claim that her RFC should have been limited to sedentary or less than sedentary work and she needs to take additional breaks during the workday, and she will be absent from work four or five times per month (Id.).  Relatedly, Defendant contends the ALJ considered the combined effect of all of Plaintiff's impairments (Id. at PageID # 1273-74) (citing Tr. 19, 20-22). To the extent Plaintiff may make a bare assertion that she meets several unidentified listings, Defendant suggests that the issue is waived due to her failure to provide a developed argument in support of her position (Id. at PageID # 1274-75).

    2. Applicable Law

The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.  20 C.F.R. §§ 404.1545(a), 404.1546(c).  The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record.  20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c).  Thus, in making the RFC determination, the Administrative Law Judge must necessarily evaluate the persuasiveness of the medical source statements in the record and assess the claimant's subjective allegations.  20 C.F.R. §§ 404.1520c, 404.1529(a).

As Plaintiff filed her applications after March 27, 2017, the new regulations for evaluating medical opinions are applicable to Plaintiff's case. *See* 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[4] in the record, even if it comes from a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[5] Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[6] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

---

4 At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).

5 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).

6 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

3. Discussion

Essentially, Plaintiff's challenge to the ALJ's RFC determination asks the Court to re-try or re-evaluate the ALJ's assessment of Plaintiff's subjective allegations concerning the impact of her chronic symptoms. But it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is limited to assessing whether substantial evidence exists to support the ALJ's findings and if the ALJ followed the applicable law. *See* Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004).

The ALJ acknowledged that in considering Plaintiff's symptoms, she must follow a two-step process which first requires a determination whether there are any underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce Plaintiff's pain or other symptoms (Tr. 20). 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 16-3p; Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986). Here, the ALJ provided a thorough summary of Plaintiff's subjective statements and testimony regarding her physical impairments and the chronic symptoms or limitations that they impose (Tr. 20). Next, the ALJ discussed much of the medical evidence concerning the medically determinable physical impairments that purportedly caused Plaintiff's chronic symptoms or limitations (Tr. 20-22). At one point during this process, the ALJ made the following observations:

> Overall, the evidence shows that the claimant's medication has helped reduce her syncope and syncope like episodes. Extensive cardiac testing has indicated no significant abnormalities, with her sick sinus syndrome stable with a pacemaker. Her shortness of breath has also decreased with the use of an inhaler. Although she had one hospitalization for seizure like activity, no subsequent incidents are included in the evidence of record. Therefore, the evidence shows that the claimant could perform light exertional

> work consistent with the above residual functional capacity. Her ability to work 20 hours per week through these symptoms at a medium to heavy exertional job further support the finding that that she could work a full time job at the light exertional level.

(Tr. 21-22). The ALJ discussed the remainder of the medical evidence concerning Plaintiff's diabetes mellitus and related mild non-proliferative diabetic retinopathy which purportedly caused some of Plaintiff's chronic symptoms or limitations (Tr. 22). The ALJ also commented, "Therefore, in combination with her other impairments, her diabetes contributes to the overall residual functional capacity, but would not support further occupational limitations" (Id.). After a careful consideration of the evidence, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms but Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons in this decision" (Id.).

As Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms suggested impairments of greater severity than could be substantiated by the objective medical evidence, the ALJ appropriately considered other information and factors which may be relevant to Plaintiff's allegations. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). For example, the ALJ considered Plaintiff's level of daily activity, which included part time work at the medium to heavy exertional level through the date of the hearing, in determining the extent to which Plaintiff's symptoms are of disabling severity (Tr. 20-22). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). Another factor the ALJ considered is whether there were any inconsistencies in the evidence and the extent to which there were any conflicts between Plaintiff's statements and the rest of the evidence (Id.). *See* 20 C.F.R.

§§ 404.1529(c)(4) and 416.929(c)(4). The ALJ also considered the medications prescribed, their effectiveness, and their side effects (Id.). 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

Contrary to Plaintiff's assertion, the ALJ considered the impact of Plaintiff's chronic symptoms—syncope, extreme fatigue, significant dyspnea on exertion, shortness of breath, dizzy spells/vertigo, right-sided weakness, and seizures—which were purportedly aggravated by exertion, including prolonged standing and walking. Additionally, the ALJ considered Plaintiff's testimony about the need to take unscheduled and unpredictable breaks as well as missing four or five days of work per month. The ALJ found that Plaintiff does not suffer from the alleged chronic symptoms to the extent Plaintiff testified. In the absence of detailed corroborating evidence of Plaintiff's subjective complaints, it is the duty of the ALJ to assess the degree to which Plaintiff suffers from the chronic symptoms. Since tolerance of chronic symptoms is a highly individualized matter, the conclusion of the ALJ, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). For the above reasons, the ALJ's findings concerning Plaintiff's chronic symptoms is supported by substantial evidence and fully comports with applicable law.

Relatedly, the ALJ is required to consider the combined effect of Plaintiff's impairments in determining her RFC. See 20 C.F.R. §§ 404.1523(c), 416.923(c). Discussing multiple impairments individually does not mean the ALJ failed to consider the combined effect of those impairments when, as here, the ALJ specifically referred to a "combination of impairments" in finding the claimant does not meet the listings (Tr. 19, Finding No. 4). See Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990) (citing Gooch v. Sec'y of Health & Human

Servs., 833 F.2d 589, 592 (6th Cir. 1987)). Moreover, in the context of assessing Plaintiff's RFC, the ALJ discussed Plaintiff's multiple impairments individually and the combined effect of Plaintiff's impairments (Tr. 22). Therefore, the undersigned concludes there is no merit to Plaintiff's accusation that the ALJ failed to comply with her duty to consider the combined effect of Plaintiff's multiple impairments in making the RFC finding.[7]

Additionally, in the context of assessing Plaintiff's RFC, the ALJ considered the administrative medical findings of the non-examining state agency physicians, Drs. Jack Reed and P. Saranga (Tr. 22). After summarizing their findings concerning Plaintiff's functional limitations, the ALJ concluded the opinions of Drs. Reed and Saranga are "persuasive" because they are "consistent with and supported by the overall record as detailed above showing that [Plaintiff] could perform light exertional work" (Id.). The ALJ's findings concerning the persuasiveness of these administrative medical findings are supported by substantial evidence and comport with applicable law. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

In sum, the ALJ's RFC determination is supported by substantial evidence and fully comports with applicable law. Therefore, Plaintiff is not entitled to relief based on her challenges to the ALJ's RFC determination.

### Finding No. 10

Next, Plaintiff posits that if the ALJ had found Plaintiff has the RFC to perform sedentary work, at step five the applicable GRID Rule would have directed a finding of disabled since her

---

7 Additionally, the undersigned notes that in support of her claim Plaintiff provides the following citation, "43 U.S.C. § 423 (d)(2)(C); see also Hall, 835 F.2d at 49" (DN 19-1 PageID # 1245). But 43 U.S.C. § 423 is a statute that applies to public lands classified as permanently unproductive. Further, Plaintiff's citation to the Hall case is equally unavailing because the volume number, reporter, and page number in Plaintiff's citation directs the Court to a wholly unrelated case, United States v. DiPaolo, 835 F.2d 46 (2d Cir. 1987).

alleged onset date of August 14, 2017 (DN 19-1 PageID # 1245-46). Defendant responds, as Plaintiff's RFC is limited to a reduced range of light work the GRID Rules do not direct a finding of disability (DN 25 PageID # 1275-76).

As the ALJ's RFC determination—Plaintiff has the RFC to perform a range of light work—is supported by substantial evidence and fully comports with applicable law, there is no factual basis for Plaintiff's challenge to Finding No. 10. Therefore, Plaintiff is not entitled to relief on this claim.

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

## **ORDER**

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

August 1, 2022

*H. Brent Brennenstuhl*
H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Counsel